```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SUNIL P. GEORGE,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     14-CV-5604(JS)(GRB)

KINGS COUNTY HOSPITAL CENTER,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:     Sunil P. George, pro se
                    56 Kensington Court
                    Hempstead, NY 11550

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On September 18, 2014, pro se plaintiff Sunil P. George ("Plaintiff") filed another Complaint pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified in 42 U.S.C. §§ 12112-12117, against his former employer, Kings County Hospital Center, ("Defendant" or "the Hospital"), again alleging that the Defendant discriminated against him based on his disability. Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of Plaintiff's application, the Court grants Plaintiff's request to proceed in forma pauperis. However, for the reasons set forth below, the Complaint is sua sponte dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Given the dismissal of Plaintiff's Complaint, his application for the appointment of pro bono counsel to represent him in this case, filed on October 15, 2014, is DENIED as it is now moot.

BACKGROUND

Plaintiff is no stranger to this Court. Plaintiff filed his first in forma pauperis employment discrimination Complaint against the Hospital in November 2011 alleging that his former employer violated the ADA by failing to reasonably accommodate his disability.[2] There, Plaintiff claimed his disability was "insanity." (See 2011 Compl. at ¶ 7.) According to the 2011 Complaint, Plaintiff was employed as a pharmacy technician with the Defendant from May of 2001 until July 10, 2008, at which time Plaintiff resigned from his employment. Plaintiff's resignation is alleged to have occurred following a disciplinary hearing because Plaintiff stopped reporting to work. Plaintiff claims that his medical condition prevented him from working and that he was improperly denied a medical leave of absence. According to the 2011 Complaint, after Plaintiff's psychiatrist sent a confidential report to the Hospital advising that Plaintiff was incapable of performing his responsibilities, Plaintiff was notified by his union representative to appear for a hearing on July 10, 2008. Plaintiff claims that although he was too sick to participate in the hearing, his father took him anyway and had Plaintiff sign a resignation letter and a stipulation of settlement. (2011 Compl.

---

(See Docket Entry 6.).

[2] See George v. Kings Cnty. Hosp. Ctr., 11-CV-5543, closed on Jan. 7, 2013.

¶ 8 and at 5-6.) Plaintiff alleged that he had no idea what he was signing at the time and that he was "totally confused" and not in the "right frame of mind" due to his medical condition and the fact that he was taking Zyprexia, Depakote and Citalopram. (Id.) Accordingly, Plaintiff sought to have the settlement declared null and void due to his "mental unsoundness," and that he be reinstated as a pharmacy technician with Defendant. (2011 Compl. at page 6.)

The Defendant moved to dismiss Plaintiff's 2011 Complaint, arguing that: (1) Plaintiff's claims were barred by issue preclusion; (2) Plaintiff's claims were time-barred under the ADA; and (3) Plaintiff failed to state a plausible claim for relief. (11-CV-5543 Docket Entry 12, at 8, 10, 12.) Finding that Plaintiff's claims were time-barred under the ADA, the Court dismissed the 2011 Complaint without addressing the Defendant's additional arguments. (See Memorandum and Order dated Jan. 3, 2013, Seybert, D.J., 11-CV-5543 Docket Entry 17.) Plaintiff then moved for reconsideration of, inter alia, the Court's January 3, 2013 Memorandum and Order (11-CV-5543 Docket Entry 20) and filed a Notice of Appeal (11-CV-5543 Docket Entry 21.)

By Memorandum and Order dated May 17, 2013, the Court denied Plaintiff's motion for reconsideration (see Memorandum and Order dated May 17, 2013, Seybert, D.J., 11-CV-5543 Docket Entry 22) and, by Mandate issued on October 22, 2013, Plaintiff's motion

3

for leave to appeal in forma pauperis was denied and his appeal was dismissed "because it lack[ed] an arguable basis in law or fact" (see 11-CV-5543 Mandate, Docket Entry 23).

## THE PRESENT COMPLAINT

As noted above, on September 18, 2014, Plaintiff filed another in forma pauperis Complaint against the Hospital, again alleging that the Hospital discriminated against him based on his disability in violation of the ADA. Like his earlier Complaint, Plaintiff alleges that his employment with the Hospital was terminated on March 31, 2008. Plaintiff's brief Complaint does not include the nature of his claimed disability and alleges the following as the "facts of my case" in its entirety:

> The US Civil Rights Law was violated by my employer.
> During my sick/disability period my employer terminated me.
> Before my termination, my parents had submitted seven sick documents from my doctors and Social Security Disability Award letter to my employer [v]ia FAX, Certified mail and hand delivery. My employer clearly knew that "I am sick." Due to my termination, I lost my employee pension and other benefits. Unemployment benefits and Workmen Compensation benefits were denied to me.
> I don't know how to file the petition in the Court properly. I therefore request the Honorable Court to provide me a free attorney to represent me in the Court to file the petition properly. I am poor person, collecting Social Security Disability pension with Medicare and Medicaid. I cannot afford to hire [an] attorney.

(Compl. ¶ 8.)

DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

5

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A. Res Judicata and Collateral Estoppel

Notwithstanding the liberal construction afforded to pro se pleadings, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of res judicata and collateral estoppel limit such review. See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (res judicata); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (collateral estoppel).

Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action. See, e.g., Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767, 772 (1979). Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999)

6

(citations and internal quotation marks omitted). A district court has not only the power but the obligation to dismiss complaints sua sponte on res judicata grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449; Krepps v. Reiner, 377 F. App'x 65, 66-67 (2d Cir. 2010) (Courts have the authority to raise res judicata issues sua sponte).

Similarly, "[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). Additionally, the doctrines of res judicata and collateral estoppel apply to pro se litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002).

Here, as is readily apparent, Plaintiff's ADA claim against Defendant arises out of the same nucleus of facts that he alleged in his first federal complaint. In fact, his claim here is exactly the same as the claim he brought in 2011 and which was dismissed with prejudice on the merits. See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 896 (2d Cir. 1983) ("The longstanding rule in this Circuit, however, is that a dismissal for failure to comply with the statute of limitations will operate as an

7

adjudication on the merits, unless it is specifically stated to be without prejudice.") (citations omitted). Because a final judgment on the merits of a case will bar any subsequent litigation by the same parties concerning the transaction out of which the first action arose, Plaintiff's ADA claim cannot proceed. Accordingly, the ADA claim against Defendant is precluded and the Complaint is DISMISSED WITH PREJUDICE to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. <u>The All Writs Act</u>

Under the All-Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." <u>MLE Realty Assocs. v. Handler</u>, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. <u>See</u> <u>Malley v. New York City Bd. of Educ.</u>, 112 F.3d 69 (2d Cir. 1997) (<u>per</u> <u>curiam</u>) (filing injunction may issue if numerous complaints filed are based on the same events); <u>In re Martin-Trigona</u>, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing

injunction.  Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Plaintiff's instant action, together with docket number 11-CV-5543, suggest that Plaintiff may file a new action against the Defendant claiming violation of the ADA in connection with the termination of his employment.  Plaintiff's continued filing of in forma pauperis complaints relating to this issue constitutes an abuse of the judicial process.  The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."  Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (citation and internal quotation marks omitted) (brackets omitted).

The Court is especially cognizant of Plaintiff's pro se status and has considered his Complaint in as positive light as possible.  Nonetheless, the Court warns Plaintiff that similar, future complaints will not be tolerated.  If Plaintiff persists in this course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings.  In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may sua sponte dismiss the case with prejudice.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to <u>pro</u> <u>se</u> litigants, <u>see</u> <u>Maduakolam v. Columbia Univ.</u>, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and <u>pro</u> <u>se</u> litigants . . ."), and should he file another action challenging the termination of his employment with Defendant, it is within the Court's authority to consider imposing sanctions upon him.  <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 11.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, however the Complaint is <u>sua</u> <u>sponte</u> DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Given the dismissal, Plaintiff's motion for the appointment of <u>pro</u> <u>bono</u> counsel to represent him in this case is DENIED as it is now moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __30__, 2015
       Central Islip, New York